

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:11CR49–HEH |
| | ) | |
| KSHAWN MALIK HILL, | ) | |
| | ) | |
| Petitioner. | ) | |

### MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Kshawn Malik Hill, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 81).[1] Hill contends that he experienced ineffective assistance of counsel[2] in conjunction with his guilty plea. Specifically, Hill demands relief because:

| | |
|---|---|
| Claim One: | "Trial counsel (Gregory R. Sheldon) failed to request a competency hearing despite the extreme difficulty exhibited by Hill in understanding the nature of the charges during review of the Government's plea offer. Had Mr. Sheldon requested a competency hearing, he would have learned that Hill suffered from 'attention deficit hyperactivity disorder' and that the condition (coupled with years of drug abuse) affected his ability to enter a knowing and voluntary plea." (§2255 Mot. 4.) |

Hill has also filed a Motion to Amend 28 U.S.C. § 2255 Motion Pursuant to Federal Rules of Civil Procedure 15 ("Motion to Amend," ECF No. 85) to "expound[] upon the

---

[1] The Court employs the pagination assigned to Hill's submissions by the CM/ECF docketing system. The Court corrects the spelling, punctuation and spacing in quotations from Hill's submissions.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

facts which support the ineffective assistance of counsel claim." (*Id.* at 5.) Because the argument Hill provides relates back to Claim One, the Court will grant Hill's Motion to Amend (ECF No. 85). The Government has responded, asserting that Hill's claim lacks merit. (ECF No. 94.) Hill has filed a Reply. (ECF No. 96.) Hill has also filed a Motion to Supplement 28 U.S.C. § [2255] Motion Pursuant to Federal Rules of Civil Procedure 15 ("Motion to Supplement," ECF No. 111), which the Court addresses *infra* in Part III. For the reasons set forth below, Hill's § 2255 Motion (ECF No. 81) will be denied.

## I. PROCEDURAL HISTORY

On February 22, 2011, a grand jury charged Hill with three counts of robbery affecting commerce (Counts One, Five, and Seven); six counts of possessing a firearm in furtherance of a crime of violence (Counts Two, Four, Six, Eight, Ten, and Twelve); one count of carjacking (Count Three); and two counts of attempted robbery affecting commerce (Counts Nine and Eleven). (Indictment 1–8, ECF No. 21.) On March 22, 2011, Hill entered into a Plea Agreement in which he agreed to plead guilty to Counts Three, Four, and Six of the Indictment. (Plea Agreement ¶ 1, ECF No. 28.)

On June 20, 2011, the Court entered judgment against Hill and sentenced him to a total of 520 months of imprisonment. (J. 2, ECF No. 44.) Specifically, the Court sentenced Hill to 100 months on Count Three, 120 months on Count Four, and 300 months on Count Six, all to be served consecutively. (*Id.*)

Hill, through counsel, filed a Notice of Appeal on July 1, 2011. (ECF No. 53.) Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), "certifying

that there are no meritorious issues for appeal but questioning whether Hill's guilty plea was knowing and voluntary and whether counsel was ineffective in advising Hill to plead guilty." *United States v. Hill*, 468 F. App'x 256, 257 (4th Cir. 2012). The Government filed a motion to dismiss Hill's appeal based upon the waiver of appellate rights contained in his Plea Agreement. *Id.* The United States Court of Appeals for the Fourth Circuit granted the Government's motion to dismiss the appeal of any issues covered by Hill's waiver, but denied it as to Hill's claim that counsel's ineffectiveness rendered his plea involuntarily entered. *Id.* at 257–58. The Fourth Circuit affirmed the judgment "as to the ineffective assistance claim because ineffective assistance d[id] not conclusively appear on the record." *Id.* at 258. On October 1, 2012, the United States Supreme Court denied Hill's petition for a writ of certiorari. *Hill v. United States*, 133 S. Ct. 226 (2012).

## II.    INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court has modified this second prong of *Strickland* to require the convicted defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Of course, in conducting the foregoing inquiry, the representations of the convicted defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). In light of the strong presumption of verity that attaches to a petitioner's declarations during his plea proceedings, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Thus, the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict

4

the sworn statements." *Id.* at 221–22. No circumstances exist here that would lead the Court to consider Hill's prior sworn statements as other than truthful.

Hill's sole claim in his § 2255 Motion is that trial counsel was ineffective for "fail[ing] to request a competency hearing despite the extreme difficulty exhibited by Hill in understanding the nature of the charges during review of the Government's plea offer." (§ 2255 Mot. 4.) According to Hill, "[ha]d Mr. Sheldon requested a competency hearing, he would have learned that Hill suffered from 'attention deficit hyperactivity disorder' and that the condition (coupled with years of drug abuse) affected his ability to enter a knowing and voluntary plea." (*Id.*)

In support of his claim, Hill has attached a sworn declaration to his Motion to Amend ("Hill Decl.," ECF No. 85–1). In that document, Hill states that when he was 13 years old, he declined further treatment for Attention Deficit Hyperactivity Disorder ("ADHD") because "[he] did not like the way that the medication made [him] feel." (*Id.* ¶ 4.) He further indicates that he was addicted to Percocet and Xanax from age 16 until his arrest on the "present charges." (*Id.* ¶ 5.)

Hill further avers that, prior to his plea hearing, counsel Gregory Sheldon "explained what would occur at the plea colloquy and attempted to explain the nature of the offenses with which [Hill] had been charged." (*Id.* ¶ 7.) Hill "repeatedly informed Mr. Sheldon that [he] misunderstood the nature of the proceedings and the charges in the Indictment." (*Id.*) Hill states that on at least three occasions, Sheldon "carefully explain[ed] what [Hill] would be asked at the plea colloquy and how [Hill] should

respond." (*Id.*) According to Hill, "[d]espite [his] clear lack of comprehension . . ., [Sheldon] never questioned [him] as to [his] medical health history nor did he make any attempt to speak with [his] family members to obtain this information." (*Id.* ¶ 8.) Hill indicates that "[t]he only thing that [he] understood [was] that if [he] answered the questions in the manner in which Mr. Sheldon had so instructed, the court would accept the plea and [he] would be spared a life sentence." (*Id.* ¶ 9.) Hill states that "[d]uring the plea colloquy upon questioning (by the Court), [he] indicated to the Court twice that [he] had been instructed on how [he] should answer the questions." (*Id.* ¶ 10.) When that happened, "Mr. Sheldon whispered to [Hill] to tell the Court that no one had instructed [Hill] (as to how [he] should answer the Court's questions) and [Hill] complied." (*Id.*)

Hill's claim that his guilty plea was unknowingly and involuntarily entered is belied by his Rule 11 proceedings. During those proceedings, Hill indicated that he had not been treated for substance abuse problems or mental disorders within the last year. (Mar. 22, 2011 Tr. 4, ECF No. 62.) Hill denied being under the influence of any drugs, alcohol, or medication. (Mar. 22, 2011 Tr. 4.) Hill confirmed that he was entirely satisfied with counsel's services. (Mar. 22, 2011 Tr. 4.)

Hill agreed that counsel had explained the nature of the charges against him and what the Government must prove in order to convict him of Counts Three, Four, and Six. (Mar. 22, 2011 Tr. 5.) When asked, Hill stated that he had read and understood the Plea Agreement before signing it. (Mar. 22, 2011 Tr. 8.) Hill denied any confusion regarding the Plea Agreement." (Mar. 22, 2011 Tr. 8.) When asked "[a]re you sure" by the Court,

Hill replied in the affirmative. (Mar. 22, 2011 Tr. 8.) Hill also denied that he had been threatened or forced into the guilty plea, and agreed that he was entering into the plea "freely and voluntarily." (Mar. 22, 2011 Tr. 9.)

The Court asked Hill what punishment he faced for the carjacking charge, and Hill responded with "[u]p to 15" years." (Mar. 22, 2011 Tr. 13.) The Court then asked what the mandatory minimum penalty was for the charge of possession of a firearm in furtherance of a crime of violence, and Hill responded "[t]en." (Mar. 22, 2011 Tr. 14.) Finally, the Court asked Hill what the mandatory minimum was for the second charge of possession of a firearm in furtherance of a crime of violence, and Hill replied with "[t]wenty-five." (Mar. 22, 2011 Tr. 14.) Hill then affirmed that he "fully under[stood]" the penalties that he was facing. (Mar. 22, 2011 Tr. 15.)

Hill also confirmed that he had discussed the Statement of Facts with counsel, and that he understood the Statement of Facts. (Mar. 22, 2011 Tr. 19.) He agreed that the Statement of Facts was correct. (Mar. 22, 2011 Tr. 19.) Subsequently, the Court asked whether "anybody instructed you how you should answer my questions?" (Mar. 22, 2011 Tr. 21.) Hill responded twice in the affirmative; however, when the Court indicated that it could not hear Hill, Hill replied, "Nobody has instructed me." (Mar. 22, 2011 Tr. 21.)

Hill now asks for the Court to accept his version of the facts set forth in his declaration. However, Hill's declaration directly conflicts with the responses he gave during the Rule 11 proceeding. Given these responses, Hill's claim that his plea was involuntarily entered because he did not understand the nature of the charges and the

proceeding is "palpably incredible." *Lemaster*, 403 F.3d at 221 (internal quotation marks omitted) (citation omitted). Quite simply, nothing in Hill's responses during the Rule 11 colloquy would have led counsel to believe that a competency hearing was needed before Hill entered his guilty pleas. Furthermore, Hill failed to exhibit anything that would lead the undersigned to suspect that Hill's plea was less than knowing and voluntary.

Moreover, Hill has failed to demonstrate prejudice from counsel's allegedly deficient performance. Hill has alleged no facts suggest that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Indeed, if Hill had been convicted of all charges following a trial, which was a near certainty given the overwhelming evidence of his guilt, he would have been sentenced to a longer term of imprisonment than the term he is currently serving. After all, "Hill faced a minimum, mandatory sentence of one hundred-thirty five (135) years of imprisonment on the gun charges alone, without consideration of the sentences that could be imposed on the underlying charges." (Gov't's Resp. Ex. 2 ("Sheldon Aff.") ¶ 1, ECF No. 94–2). Accordingly, because Hill has failed to demonstrate either deficient performance of counsel or resulting prejudice, Claim One will be dismissed.

### III. MOTION TO SUPPLEMENT

In his Motion to Supplement, Hill seeks leave to assert a claim that "[i]n light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), [Hill's] convictions for Counts Four and Six must be vacated." (Mot. Supp. 2 (emphasis omitted).) In *Johnson*, the Supreme

8

Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. Hill now contends that after *Johnson*, the offenses of carjacking and Hobbs Act robbery can no longer qualify as crimes of violence under 18 U.S.C. § 924(c)(3). (Mot. Supp. 3.) Although Hill was not sentenced pursuant to the Armed Career Criminal Act, he asserts that "[n]umerous district courts have applied the rationale of *Johnson* to the residual clause of 18 U.S.C. § 924(c)(3)(B)." (*Id.* at 2 (citations omitted).) The Court believes a response from the Government would be beneficial to resolving Hill's Motion to Supplement. Accordingly, the Government will be directed to respond to Hill's Motion to Supplement within sixty days of the date of entry hereof.

## IV. CONCLUSION

For the foregoing reasons, Hill's § 2255 Motion (ECF No. 81) will be denied. Hill's Motion to Amend (ECF No. 85) will be granted. The Government will be directed to respond to Hill's Motion to Supplement within sixty days of the date of entry hereof.

The Clerk is directed to send a copy of the Memorandum Opinion to Hill and counsel of record.

It is so ORDERED.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: July 15, 2016
Richmond, Virginia