IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA, )
)
v. ) Criminal Action No. 3:11CR49–HEH
)
KSHAWN MALIK HILL, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Kshawn Malik Hill, a federal inmate proceeding *pro se*, filed a 28 U.S.C. § 2255 motion on October 2, 2013. On June 20, 2016, Hill filed a Motion to Supplement His § 2255 Motion ("Motion to Supplement," ECF No. 111) arguing that his firearm convictions and sentences are invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015). By Memorandum Opinion and Order entered on July 15, 2016, the Court denied Hill's § 2255 Motion and directed the Government to respond to the Motion to Supplement. (ECF Nos. 114, 115.)

The Government responded that Hill's *Johnson* claim is barred by the relevant statute of limitations. (ECF No. 119.) As discussed below, while the Government correctly asserts that the Motion to Supplement is untimely, the Court also finds that Hill's *Johnson* claim lacks merit.

### I. FACTUAL AND PROCEDURAL HISTORY

As pertinent here, on February 22, 2011, Hill was charged with: carjacking and aiding and abetting carjacking in violation of 18 U.S.C. §§ 2119 and 2 (Count Three);

possessing a firearm in furtherance of a crime of violence, to wit, the crime charged in Count Three, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Four); interference with commerce by threats and violence in violation of 18 U.S.C. §§ 1951 and 2 ("Hobbs Act robbery") (Count Five); and, possessing a firearm in furtherance of a crime of violence, to wit, the crime charged in Count Five, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Six). (ECF No. 21, at 2–5.)

On March 22, 2011, Hill pled guilty to Counts Three, Four, and Six. (ECF No. 28, at 1.) On June 21, 2011, the Court sentenced Hill to 100 months on Count Three, 120 months on Count Four, and 300 months on Count Six, to be served consecutively. (ECF No. 44, at 1–2.) Hill appealed. (ECF No. 53.) On March 12, 2012, the United States Court of Appeals for the Fourth Circuit dismissed his appeal. (ECF No. 72, at 5.)

On October 2, 2013, Hill filed his § 2255 Motion. (ECF No. 81.) On June 20, 2016, Hill filed a Motion to Supplement. By Memorandum Opinion and Order entered on July 15, 2016, the Court denied Hill's § 2255 Motion and dismissed his claim that he was denied the effective assistance of counsel because counsel failed to request a competency hearing. (ECF Nos. 114, 115.) Thereafter, the Government moved to dismiss Hill's *Johnson* claim, arguing that such a claim is barred by the relevant statute of limitations.

## II. ANALYSIS

### A. Hill's § 2255 Motion to Supplement is Untimely

Under 28 U.S.C. § 2255(f)(1), Hill was required to file any 28 U.S.C. § 2255 motion within one year after his conviction became final. Accordingly, absent a belated

commencement of the limitation period, Hill's Motion to Supplement is untimely. Hill contends that he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(3).[1]

Section 2255(f)(3) provides that a petitioner may bring a claim within a year of the date of which the right asserted was initially recognized by the Supreme Court. "[T]o obtain the benefit of the limitations period stated in § 2255(f)(3), [Hill] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012).

The "right" asserted here is the right recognized in *Johnson*. In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.[2] The *Johnson* Court concluded that the way the residual

---

[1] Hill's *Johnson* claim does not relate back to the ineffective assistance of counsel claim that he raised in his original 28 U.S.C. § 2255 Motion. *Mayle v. Felix*, 545 U.S. 644, 650 (2005) (An amended claim "does not relate back (and thereby escape [§ 2244's] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.").

[2] The ACCA provides that

[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

3

clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another." *Id.* at 2557–58 (citation omitted). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 1268.

Hill asserts that his firearm convictions are unlawful in light of *Johnson*, and in doing so, he argues that *Johnson* restarted the one-year limitation period pursuant to § 2255(f)(3).[3] For a petitioner to satisfy section 2255(f)(3), the Supreme Court itself must be the judicial body to establish the right in question. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). "[I]f the existence of a right remains an open question as a matter of Supreme Court precedent, then the Supreme Court has not 'recognized' that right." *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017) (citation omitted).

Hill was convicted of two counts of possessing a firearm during the commission of a crime of violence, to wit, carjacking and Hobbs Act robbery, in violation of 18 U.S.C. § 924(c). Hill's argument—that the residual clause of § 924(c) is unconstitutionally

---

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

[3] At least six judges in the Eastern and Western Districts of Virginia have rejected this argument and dismissed as untimely *Johnson*-related challenges resulting from § 924(c) convictions. *See Gray v. United States*, Nos. 1:08–cr–00273–GBL–2, 1:16–cv–00606–GBL, 2017 WL 6759614, at *3 (E.D. Va. Sept. 12, 2017) (citing four other Eastern District of Virginia judges who have dismissed these challenges as untimely and also holding the same); *United States v. Shifflett*, No. 5:14–cr–00007, 2017 WL 2695272, at *2–3 (W.D. Va. June 21, 2017).

4

vague—simply was not a right announced in *Johnson*. Rather, the Supreme Court's holding in *Johnson* only addressed the residual clause of ACCA. As the Fourth Circuit has observed, although "the Supreme Court held unconstitutionally vague the [residual clause in ACCA], . . . the [Supreme] Court had no occasion to review . . . the residual clause [of § 924(c)]." *United States v. Fuertes*, 805 F.3d 485, 499 n.5 (4th Cir. 2015). Thus, Hill's contention that § 924(c)'s residual clause is unconstitutionally vague was not a right announced by the Supreme Court in *Johnson*. *See United States v. Cook*, No. 1:11–cr–188, 2019 WL 921448, at *3 (E.D. Va. Feb. 25, 2019) ("[T]he question of [*Sessions v. Dimaya*, 138 S. Ct. 1204 (2018),] and *Johnson*'s effect on Section 924(c)(3)(B) is not yet settled.").[4] Thus, the Government correctly asserts that Hill's Motion to Supplement is untimely and barred from review here.

**B. Hill's Claim Lacks Merit**

Hill's *Johnson* claim also lack merit. *See United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (noting that a district court may summarily dismiss a § 2255 motion where "files, and records 'show conclusively that the movant is not entitled to relief'" (quoting *United States v. Day*, 969 F.2d 39, 41–42 (3d Cir. 1992))). Hill contends that after *Johnson*, the offenses of Hobbs Act robbery and carjacking can no longer qualify as crimes of violence under 18 U.S.C. § 924(c)(3), and thus, his convictions for Counts Four and Six and must be vacated. Although Hill was not sentenced pursuant to ACCA, he

---

[4] In *Dimaya* the Supreme Court held that a similarly worded residual clause in 18 U.S.C. § 16(b) was also unconstitutionally vague. 138 S. Ct. at 1216.

5

asserts that the residual clause of § 924(c) is materially indistinguishable from the ACCA residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as unconstitutionally vague.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

The United States can demonstrate that an underlying offense constitutes a crime of violence if it establishes that the offense is a felony and satisfies one of two requirements. Namely, the statute defines a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3).

The Fourth Circuit has concluded that "the carjacking statute, necessarily includes a threat of violent force within the meaning of the 'force clause' of Section 924(c)(3)." *United States v. Evans*, 848 F.3d 242, 247 (4th Cir.) (citations omitted), *cert. denied*, 137 S. Ct. 2253 (2017). Thus, carjacking is a viable crime of violence for the § 924(c) offense charged in Count Four. Additionally, as explained below, Hobbs Act robbery

6

qualifies as a crime of violence under the Force Clause.[5]

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do . . . ." 18 U.S.C. § 1951(a). The statute defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

*Id.* § 1951(b)(1). The Fourth Circuit has not reached the issue of whether Hobbs Act robbery satisfies the Force Clause. Nevertheless, as this Court has previously concluded, a defendant "who commits Hobbs Act robbery by 'fear of injury' necessarily commits it by 'fear of physical force.'" *United States v. Standberry*, 139 F. Supp. 3d 734, 738 (E.D. Va. 2015) (citation omitted). This is because "[f]ear is the operative element facilitating the taking," and "any act or threatened act which engenders a fear of injury implicates force and potential violence." *Id.* at 739 (citing *United States v. Castleman*, 572 U.S. 157, 172 (2014); *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004)); *see also Castleman*, 572 U.S. at 174 (Scalia, J. concurring) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result."). Put simply, common sense dictates that any "fear of injury" flows from the fear of physical force. Accordingly, consistent with this

---

[5] The Fourth Circuit recently concluded that the Residual Clause of § 924(c) is unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc).

Court's earlier decisions, *see Standberry*, 139 F. Supp. 3d at 740, and decisions of many courts of appeal,[6] the Court finds that Hobbs Act robbery constitutes a categorical crime of violence.

Additionally, the Court notes that the Fourth Circuit's recent decision in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) does not alter the conclusion that Hill's § 924(c) convictions are predicated on valid crimes of violence under the force clause of § 924(c)(3)(A). In *Simms*, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). *Id.* at 232–33. Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

*Id.* at 233–34 (citations to the parties' materials omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. *Id.* at 236.

---

[6] *See, e.g., United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017); *United States v. Robinson*, 844 F.3d 137, 140–41 (3d Cir. 2016); *United States v. Moreno*, 665 F. App'x 678, 681 (10th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016).

As explained above, unlike conspiracy to commit Hobbs Act robbery, Hobbs Act robbery is a valid crime of violence under the Force Clause because it invariably requires the actual, attempted, or threatened use of physical force. *United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018). Accordingly, Hill's challenges to his 924(c) conviction lacks merit.

## III. CONCLUSION

Hill's Motion to Supplement (ECF No. 111) will be GRANTED. Hill's *Johnson* claim will be dismissed. Hill's Motions for the Appointment of Counsel (ECF Nos. 121, 123) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
Date: May 30, 2019
SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia