IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KSHAWN MALIK HILL, )<br>)<br>Petitioner. ) | Criminal Action No. 3:11-cr-49–HEH |

**MEMORANDUM OPINION**
(Denying 28 U.S.C. § 2255 Motion)

Kshawn Malik Hill ("Hill") is a federal inmate proceeding *pro se*. This matter is before the Court on Hill's most recent motion pursuant to 28 U.S.C. § 2255 ("Second § 2255 Motion," ECF Nos. 168, 169.) For reasons set forth below, the Second § 2255 Motion will be denied.

### I. FACTUAL AND PROCEDURAL HISTORY

As pertinent here, on February 22, 2011, Hill was charged with: carjacking and aiding and abetting carjacking, in violation of 18 U.S.C. §§ 2119 and 2 (Count Three); possessing a firearm in furtherance of a crime of violence, to wit, the crime charged in Count Three, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Four); interference with commerce by threats and violence and aiding and abetting in such an offense, in violation of 18 U.S.C. §§ 1951 and 2 ("Hobbs Act robbery") (Count Five); and possessing a firearm in furtherance of a crime of violence, to wit, the crime charged in Count Five, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Six). (ECF No. 21 at 2–5.)

On March 22, 2011, Hill pled guilty to Counts Three, Four, and Six. (ECF No. 28 at 1.) On June 21, 2011, the Court sentenced Hill to 100 months of imprisonment on Count Three, 120 months on Count Four, and 300 months on Count Six, to be served consecutively. (ECF No. 44 at 1–2.)

Hill filed a 28 U.S.C. § 2255 motion on October 2, 2013. (ECF No. 81.) On June 20, 2016, Hill filed a Motion to Supplement his § 2255 Motion ("Motion to Supplement," ECF No. 111) arguing that his firearm convictions and sentences are invalid under *Johnson v. United States*, 576 U.S. 591 (2015). By Memorandum Opinion and Order entered on July 15, 2016, the Court denied Hill's § 2255 Motion and directed the Government to respond to the Motion to Supplement. (ECF Nos. 114, 115.) Thereafter, by Memorandum Opinion and Order entered on May 30, 2019, the Court denied Hill's challenges to his 924(c) convictions based on *Johnson* and related cases. *See United States v. Hill*, No. 3:11CR49–HEH, 2019 WL 2305148, at *3–4 (E.D. Va. May 30, 2019). On November 26, 2019, the United States Court of Appeals for the Fourth Circuit denied Hill a certificate of appealability. *United States v. Hill*, 785 F. App'x 973 (4th Cir. 2019).

On March 22, 2021, the Fourth Circuit granted Hill authorization to file a successive 28 U.S.C. § 2255 motion. (ECF No. 161.) The Fourth Circuit stated in pertinent part:

> Hill has made a prima facie showing that the new rule of constitutional law announced in *United States v. Davis*, 139 S. Ct. 2319 (2019), may apply to his case. *See In re Thomas*, 988 F.3d 783, 788 (4th Cir. 2021). Although we have held that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A), *United States v. Mathis*, 932 F.3d 242, 265–66 (4th

2

Cir. 2019), we have not addressed in a published opinion whether aiding and abetting Hobbs Act robbery so qualifies, and we had held that attempted Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A), *see United States v. Taylor*, 979 F.3d 203, 210 (4th Cir. 2020).

(*Id.* at 1.)[1] In his Second § 2255 Motion, Hill contends that his § 924(c) convictions are no longer valid after *Davis*. Hill's contention is incorrect.

## II. ANALYSIS

In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process," *id.* at 606,[2] because the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" in an unconstitutionally vague manner for the reason that the Residual Clause encompassed "conduct that presents a serious potential risk of physical injury to another." *Id.* at 597–98 (citation omitted). Subsequently, in *Welch v. United States*, 578

---

[1] The Court notes that on March 19, 2021, the Fourth Circuit concluded that aiding and abetting Hobbs Act robbery was categorically a "crime of violence," and thus was a valid predicate for a § 924(c) conviction. *United States v. Ali*, 991 F.3d 561, 574–75 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 486 (2021).

[2] The ACCA provides that:

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause of the ACCA, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 576 U.S. at 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

3

U.S. 120 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 135.

Title 18 U.S.C. § 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

At the time of Hill's convictions, the United States could demonstrate that an underlying offense constituted a crime of violence if it established that the offense was a felony and satisfied one of two requirements. Namely, the statute defined a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "elements clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "residual clause")].

*Id.* § 924(c)(3). The Supreme Court recently invalidated the residual clause of § 924(c). *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague"). Thus, in order for Hill's § 924(c) convictions in Counts Four and Six to pass constitutional muster, each must be predicated on a crime of violence that satisfies the elements clause of § 924(c). Both of Hill's convictions are indeed predicated on a crime of violence that satisfy this requirement.

4

The Fourth Circuit has held that Hobbs Act robbery and aiding and abetting in that offense constitutes a valid crime of violence under the elements clause. *Ali*, 991 F.3d at 574, *cert. denied*, 142 S. Ct. 486 (2021); *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). The Fourth Circuit explained that "it is impossible for the analysis of aiding and abetting a crime to come out differently than the principal crime. Therefore, aiding and abetting a crime of violence is also categorically a crime of violence." *Ali*, 991 F.3d at 574. Because carjacking is categorically a crime of violence, so is aiding and abetting in that offense. *See id.*; *United States v. Evans*, 848 F.3d 242, 247 (4th Cir. 2017) (citations omitted). Therefore, Hill's convictions in Counts Four and Six are predicated upon valid crimes of violence under the elements clause. Accordingly, Hill's Second § 2255 Motion will be denied.

### III. CONCLUSION

Hill's Second § 2255 Motion (ECF Nos. 168, 169) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Oct. 17, 2022
Richmond, Virginia

5